Nott, J.,
delivered the opinion of the court:
The claim in this case was allowed by the Secretary of the Interior. The claimant rested content therewith, but the defendants elected to reopen the case, which is now submitted, except as to the jurisdictional question of amity, upon the same evidence on which it was allowed by the Secretary, and no other.
As the Secretary of the Interior and the Commissioner of Indian Affairs differed in their views of the claim, the latter reporting adversely to its allowance and the former overruling the Commissioner’s objections and allowing it, it is not improbable that if the case were coming .before the court »de¡novo, the court might reach another conclusion than that of the Secretary. The question presented by the case is as to the effect which should be given to that provision of the Indian Depredation Act (§ 4) which declares that judgments for the amounts found due by the Secretary of the Interior “shall be rendered, unless either the claimant or the United States shall elect to reopen the case and try the same before the court,” with a proviso, “that the party electing to reopen the case shall assume the burden of proof.”
The statute, it will be seen, does not give to either party a right of appeal and retrial upon the original record. It does something more than make the determination of the Secretary an allowance subject to the approval of this court. It contemplates not a retrial but a new trial, and couples with this new trial the obligation that the party obtaining it shall assume the burden of proof. It leaves such cases in this plight: That the defendants may have a new trial if they will, but upon the condition that they shall affirmatively establish, by evidence, such facts as will lead the court to a different *74 conclusion than that of the Secretary of the Interior. Anything less than this would be simply a review of the Secretary’s decision, with authority to hold that it was erroneous. The burden of proof undoubtedly means something more than a review of proof; the party electing to reopen must do something; he must concede that the award of the Secretary is prima facie right, and he must show by proof, and not by argument, that it is wrong.
It is not to be understood, however, that this proof must in all cases be new. It is possible that the record of the case will contain such absolutely clear and convincing proof as to satisfy the requirement of the statute. If, for illustration, the claimant and all his witnesses should have testified that the value of the property destroyed was $500 and the Secretary should have found that it was $1,000, and the defendants should sub-mitithe case upon that proof, they would thereby have assumed the burden of proof. In that suppositional case there would be nothing for two minds to differ upon. It would be clear that the Secretary must have fallen into a mistake, and that his award is overthrown by the only proof in the case. But if three witnesses had testified that the property was worth $500 and a fourth that it was worth $1,000, and the Secretary had believed the fourth and disbelieved the other three, that would have been an exercise of the judicial function which the court is not authorized to review as such, and which would require the introduction of new evidence. The party electing toireopen such a case would thereby concede that there was a prima facie case against him* and that he must assume the burden of presenting stronger and more convincing proof than that which was before the Secretary. In a word, this court can not take up conflicting or differing evidence and draw from it different conclusions than those reached by the Secretary of the Interior.
In this case the decision of the Secretary was that a depredation was committed; that it was committed by Kiowa and Cheyenne Indians, and that the property taken or destroyed by them was of the value of $1,920. This award was made upon very slender evidence. It consisted of two ex parte affidavits and the reexamination of one of the witnesses by an agent of the Department. Between his ex parte affidavit and his deposition so taken some discrepancies exist which the *75 defendants insist are material and sufficient to discredit tbe witness, but which the claimant insists are immaterial and reconcilable and leave the credibility of the witness unimpaired. The Commissioner of Indian Affairs agreed with the present view of the Attorney-General, but the Secretary of the Interior, on a review of the case, thought differently, and he entertained substantially the same view as that presented by the claimant’s counsel. The case, therefore, seems to the court one which can not be reviewed here; that the court can not say on the same record that the Commissioner was right and the Secretary of the Interior wrong; that the defendants have the burden upon them of doing something more than arguing the case and inviting the court to revise and change the award of the Secretary.
As to the jurisdictional facts of amity and citizenship, they must appear on the record. While the court can not review a decision of the Secretary of the Interior, it may nevertheless inquire as to its own authority. But here again, if the evidence before him shows facts from which the court must infer its own jurisdiction, a prima facie case is made out, and the burden of proof is upon the defendants to show that the facts found, expressly or impliedly, did not exist; to establish other and different facts by proof which will preclude the exercise of jurisdiction by the court. In this case the Secretary found that the depredating Indians were Cheyennes and Kiowas, and the new evidence produced by the defendants is not, in the opinion of the court, sufficient to overthrow the prima facie case and lead the court to a different conclusion.
The judgment of the court is that the claimant recover $1,920.